UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STATE FARM MUTUAL                      CASE NO: 15-21215-CIV-GAYLES
AUTOMOBILE INS., CO., et al

       Plaintiffs,

       vs.

FIRST CARE SOLUTIONS, INC., et al

       Defendants.
_____/

**DEFENDANT YORYANA BALBUENA'S
MOTION TO DISMISS AND MEMORANDUM OF LAW**

Defendant, Yoryana Balbuena, a/k/a Yoryana Ruiz Balbuena, n/k/a Yoryana Hernandez, ("YB") pursuant to Fed.R.Civ.P. 12(b)(6), moves to dismiss Plaintiffs' Complaint and states:

1. Plaintiffs filed a five count complaint seeking to recover insurance claim payments made in 2008-2010 to Defendant First Care Solution, Inc. ("First Care").

2. Plaintiffs' alleges that they are entitle to recover the payments made to First Care, because it operated a medical clinic owned by non-health care practitioners.

3. Defendant, YB, is named in Count I Unjust Enrichment, Count III Conspiracy, and Count V Violation of Florida Deceptive and Unfair Trade Practices ("FDUTPA").

5. Plaintiffs further alleged that:

     a. YB owned First Care.

     b. Plaintiffs made payments to YB.

6.     Plaintiffs failed to attach to the complaint an exhibit showing that YB owned First Care and the payments made by Plaintiff to YB. In fact YB is not mentioned in any of the exhibits attached to the complaint.

7.     Plaintiffs' claims for unjust enrichment, conspiracy and FDUTPA against YB are barred by the applicable Florida statute of limitations.

8.     Plaintiffs' claim for Unjust Enrichment (Count I) is barred because the Complaint. shows Plaintiff made all payments to Firs Care and not to YB.

9.     Plaintiffs' Conspiracy claim (Count III) should be dismissed because it alleges a supposed conspiracy between employees and agents of First Care, agents and employees of the same corporation cannot legally conspire with one another.

10.    YB has retained Lazaro J. Lopez, Esq., and is obligated to pay a reasonable fee for his services.

**WHEREFORE**, Defendant YB moves the Court to Dismiss the Complaint, costs, attorney's fees and all such further relief as the Court deems just and proper.

## MEMORANDUM OF LAW
### STATEMENT OF THE CASE

Plaintiffs sued under a 5 count complaint to recover for insurance claim payments they made as insurers to First Care, a health care clinic. The Plaintiffs' lawsuit is based on First Care's alleged unlawful operation, because it was owned by non-physicians. The Complaint specifically alleges that Defendant First Care operated a health clinic from 2008-2010, that Defendant YB was the true owner of First Care. The exhibits attached to the Complaint show that majority of the insurance claim payments were made in 2008 and

2009, with a few made in early 2010 (Exhibits "B" and "C"). Also, attached as "Exhibit A" to the Complaint is an affidavit of a patient of the clinic executed in 2010. This action was commenced on March 27, 2015.

## LACK OF STANDING & CONFLICTING EXHIBITS

In a diversity action such as this case, the state's substantive law applies. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950 (11th Cir. 2000).

Plaintiffs' failure to attach to the Complaint exhibits showing that YB owned First Care and of the payments YB received from Plaintiffs, violates Florida Rule of Civil Procedure § 1.130, which provides that documents upon which an action may be brought are to be attached to the complaint.

As such, Plaintiffs have failed to prima facie establish that they are entitled to bring this action against YB personally and lack standing to file the instant action.

The lack of exhibits attached to Plaintiffs' Complaint, is in conflict with the allegations of the Complaint. Given the conflict and inconsistencies between Plaintiffs' allegations and the exhibits provided, as well as the exhibits missing form the Complaint, it renders Plaintiffs' Complaint objectionable and subject to dismissal. See Hillcrest Pacific Corp. v. Yamura, 727 So.2d 1053 (Fla. 4th DCA 1999). In Hillcrest, the Court ruled that if there is an inconsistency between the general allegations of material facts in the complaint and the specific facts revealed by the exhibits attached or referred to in the complaint they have the effect of neutralizing each allegation as against the other, thus rendering the pleading objectionable. See also Harry Pepper & Associates, Inc. v. Lasseter, et al., 247 So.2d

736 (Fla. 3rd DCA 1971), and Sheldon v. Eisemann, 79 So. 75 (Fla. 1918).

## STATUTE OF LIMITATIONS BARS PLAINTIFFS' CLAIMS

In a diversity action such as this case, the state's substantive law applies. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 950 (11th Cir. 2000). A 12(b)(6) motion to dismiss on statute of limitations grounds may be granted if it is apparent from the face of the complaint that the claim is time-barred. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845-45 (11th Cir. 2004). In this case the complaint and exhibits thereto show that all the claim made to the Plaintiffs by First Care were made and paid by the first quarter of 2010, at the latest.

The affidavit attached to the complaint as Exhibit "A" clearly shows that the Plaintiffs knew or should have known on or before March 11, 2010.

The statute of limitations for Plaintiffs' unjust enrichment claim is four years. See Section 95.1 1(3)(k), Fla. Stat. (the statute of limitations for an unjust enrichment claim is four years from when the benefit was conferred (i.e. the transfer of monies). Swafford v. Schweitzer, 906 So.2d 1194, 1195 (Fla. 4th DCA 2005). Similarly, the statute of limitations for a FDUTPA claim is four years. See Sec. 95.11(3)(f), Fla. Stat.; Brown v. Nationscredit Fin. Servs. Corp., 32 So. 3d 661, 662 n.1 (Fla. 1st DCA 2010); S. Motor Co. of Dade Cnty. v. Doktorczyk, 957 So. 2d 1215, 1216-17 (Fla. 3d DCA 2007).

The statute of limitations for a conspiracy claim is also four years. See Section 95.1l(3)(p), Fla. Stat.; Olson v. Johnson, 961 So. 2d 356, 359 (Fla. 2d DCA 2007). Since this action was not commenced within 4 years of when the Plaintiffs' claims accrued, Plaintiffs'

Complaint should be dismissed, with prejudice.

## DEFENDANT YB WAS NOT UNJUSTLY ENRICHMENT AS SHE DID NOT RECEIVE A DIRECT BENEFIT

The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. Fla. Power Corp. v. City of Winter Park, 887 So.2d 1237, 1241-42 n. 4 (Fla. 2004).

Plaintiffs allege that they made payments to First Care and King of Billing, not to Defendant YB. When benefits are not directly paid to a defendant no claim for unjust enrichment may be maintained by, a plaintiff against that defendant. See Kopel v. Kopel, 117 So.3d 1149, 1152 (Fla. 3rd DCA 2013 ) Extraordinary Title Services, v. FP&L, 1 So.3d 400, 404 (Fla. 3rd DCA 2009); Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla. N.A., 667 So.2d 876, 879 (Fla. 3rd DCA 1996)(unjust enrichment requires that the benefit be direct to the litigant); SIG, Inc. v. AT&T Digital Life, 971 F. Supp. 2d 1178, 1192 (S.D. Fla, 2013). Since it is undisputed that Plaintiffs made no direct payments to Defendant Ruiz, no unjust enrichment claim lies against him.

## NO CONSPIRACY POSSIBLE

Plaintiffs allege that everyone involved in the conspiracy were either employees, officers, or owners of First Care. The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the involvement

of more than one individual necessary to enter into a conspiracy. Grider v. City of Auburn, Alabama, 618 F.3d 1240, 1261 (11th Cir. 2010). Under the doctrine, a corporation cannot legally be considered to be conspiring with its own agents or employees. Dickerson v. Alachua County Comm'n, 200 F.3d 761, 767 (1lth Cir. 2000). The doctrine is based on the nature of a conspiracy and the legal concept of a corporation. lt is by now well known that a conspiracy requires a meeting of the minds between two or more individulas to accomplish a common and unlawful plan. See Bivens Gardens Office Bldg., Inc. v. Barnett Banks Inc., 140 F.3d 898, 912 (1lth Cir. 1998) (explaining that a civil conspiracy ordinarily requires "an agreement between two or more people to achieve an illegal objective, an overt act in furtherance of that illegal objective, and a resulting injury to the plaintiff'). However, under basic agency principles, the acts of a corporation's agents are considered to be those of a single legal actor. Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 603 (5th Cir. 1981); see also United States v. Hartley, 678 F.2d 961, 970 (1lth Cir. 1982). Therefore, just as it is not legally possible for an individual person to conspire with himself, it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself. See Dussouy, 660 F.2d at 603 (noting that "the multiplicity of actors necessary to conspiracy" is negated when the agents' acts are attributed to the corporation and the corporation and its agents are viewed as a single legal actor); Nelson Radio & Supply Co. v. Motorola, Inc., 200 F.2d 911, 914 (5th Cir.1952). Since all of the Defendants sued for Conspiracy worked for or were agents of First Care, no claim for a conspiracy may be maintained.

## CONCLUSION

For the foregoing reasons it is unequivocal that Plaintiffs lacked standing to file this action against YB, Plaintiffs claims against YB for unjust enrichment and FDUTPA are barred by the applicable statute of limitations, and there was no conspiracy since all the alleged conspirators were employees, or agents of First Care, and the intracorporate conspiracy doctrine negates the formation of a conspiracy in this case.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via CM/ECF this 11th day of May, 2015, to David Spector, Esq., David.spector@akerman.com, and Allison Bernstein, Esq., allison.bernstein@akerman.com, at Akerman, LLP, attorneys for Plaintiff, Mark Goldstein, Esq., attorney for Defendant Ruiz at markgoldsteinattorney@gmail.com James R. Collins, Esq., attorney for Defendant, King of Billing and Collection at jamesrcollinsesq@gmail.com

Respectfully,

/s/ *Lazaro Lopez*
Lazaro J. Lopez, Esq.
Fla. Bar No. 978861
Attorney for Defendant
Yoryana Ruiz Balbuena,
n/k/a Yoryana Hernandez
Law Center at Brickell Bay
2333 Brickell Avenue, Ste. A-1
Miami , FL 33129
Tel: (305) 477-5933
lazaro@lopezattorney.com