UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 15-21215-CIV-GAYLES

STATE FARM MUTUAL
AUTOMOBILE INS., CO., et al

       Plaintiffs,

vs.

FIRST CARE SOLUTIONS, INC., et al

       Defendants.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

       Defendant, Yoryana Balbuena, hereinafter "YB", by and through her undersigned counsel, files her answer to Plaintiffs' Complaint, and would state as follows:

**Jurisdiction and Venue**

       1.      Defendant, YB, would admits so much of paragraph 1, of the Complaint as it alleges that the amount in controversy exceeds $75,000.00, exclusive of interest and cost. Defendant, YB, denies the rest of the allegation contained in paragraph 1 of the Complaint and demands strict proof thereof.

       2.      Defendant, YB, would admit so much of paragraph 2, of the Complaint as it alleges that substantial part of the alleged events giving rise to Plaintiffs' claim took place in this judicial district and the Defendant either resided or conducted business in this judicial district. Defendant, YB, denies the rest of the allegation contained in paragraph 2 of the Complaint and demands strict proof thereof.

**Nature of the Case**

3.     Defendant, YB, is without knowledge of any unlawfull acts and therefore denies the allegations contained in paragraph 3 of the complaint and demands strict proof thereof.

4.     Defendant, YB, is without knowledge of any unlawfull acts and therefore denies the allegations contained in paragraph 4 of the complaint and demands strict proof thereof.

5.     Defendant, YB, would deny so much of paragraph 5 of the Complaint as it alleges Plaintiffs paid her any amount of money and demands strict proof thereof. Defendant, YB, is without knowledge of any unlawfull acts and therefore denies the allegations contained in paragraph 5 of the complaint and demand strict proof thereof.

6.     Defendant, YB, is without knowledge of any conspiracy and therefore denies the allegations contained in paragraph 6 of the complaint and demands strict proof thereof.

**Plaintiffs**

7.     Defendant, YB, is without knowledge that Plaintiffs are both corporations organized under the laws of Illinois with their place of business in Illinois and is authorized to conduct business in the state of Florida and therefore denies the allegations and demands strict proof thereof. Defendant, YB, admits that State Farm insures automobiles, has several locations in Miami-Dade County, including corporate offices and made payments to First Care.

**Defendants**

8.     Defendant, YB, would admit so much of paragraph 8, of the Complaint as it alleges that Defendant, First Care was a Florida corporation with its principal place of business located at 2128 W. Flagler Street, Suite 103, Miami, FL 33135 and it is not in operation. Defendant, YB, denies the rest of the allegation contained in paragraph 8 of the Complaint and demands strict proof

thereof.

9.      Defendant, YB, admits the allegations contained in paragraph 9 of the Complaint.

10.      Defendant, YB, would admits so much of paragraph 10, of the Complaint as it alleges that she is a citizen of Florida; resides in Miami-Dade County, Florida; and she publicly identified herself as one of the owners of First Care. Defendant, YB, denies the rest of the allegation contained in paragraph 10 of the Complaint and demands strict proof thereof.

11.      Defendant, YB, is without knowledge of the allegations contained in paragraph 11 of the Complaint and therefore denies same and demand strict proof thereof.

12.      Defendant, YB, is without knowledge of the allegations contained in paragraph 12 of the Complaint and therefore denies same and demands strict proof thereof.

13.      Defendant, YB, denies the allegations contained in paragraph 13 of the Complaint and demands strict proof thereof.

## Facts Common to All Counts

### The Health Care Act ("HCCA")
### §§ 400.900 et seq., Fla Stat.

14.      Defendant, YB, is without knowledge of the allegations contained in paragraph 14 of the Complaint and therefore denies same and demands strict proof thereof.

15.      Defendant, YB, is without knowledge of the allegations contained in paragraph 15 of the Complaint and therefore denies same and demands strict proof thereof.

16.      Defendant, YB, is without knowledge of the allegations contained in paragraph 16 of the Complaint and therefore denies same and demands strict proof thereof.

17.      Defendant, YB, is without knowledge of the allegations contained in paragraph 17 of the Complaint and therefore denies same and demands strict proof thereof.

18.     Defendant, YB, is without knowledge of the allegations contained in paragraph 12 of the Complaint and therefore denies same and demands strict proof thereof.

## The Health Care Licensing Procedures Act
### §§ 408.801 et seq., Fla. Stat. (The "Licensing Procedures Act")

19.     Defendant, YB, is without knowledge of the allegations contained in paragraph 19 of the Complaint and therefore denies same and demands strict proof thereof.

20.     Defendant, YB, is without knowledge of the allegations contained in paragraph 20 of the Complaint and therefore denies same and demands strict proof thereof.

## Chapter 460 Fla. Stat.
### "Florida's Chiropractic Medicine Laws"

21.     Defendant, YB, is without knowledge of the allegations contained in paragraph 21 of the Complaint and therefore denies same and demands strict proof thereof.

22.     Defendant, YB, is without knowledge of the allegations contained in paragraph 22 of the Complaint and therefore denies same and demands strict proof thereof.

23.     Defendant, YB, is without knowledge of the allegations contained in paragraph 23 of the Complaint and therefore denies same and demands strict proof thereof.

24.     Defendant, YB, is without knowledge of the allegations contained in paragraph 24 of the Complaint and therefore denies same and demands strict proof thereof.

## The License Circumvention Scheme

25.     Defendant, YB, is without knowledge of the allegations contained in paragraph 25 of the Complaint and therefore denies same and demands strict proof thereof.

26.     Defendant, YB, is without knowledge of the allegations contained in paragraph 26 of the Complaint and therefore denies same and demands strict proof thereof.

27.     Defendant, YB, is without knowledge of the allegations contained in paragraph 27 of the Complaint and therefore denies same and demands strict proof thereof.

28.     Defendant, YB, is without knowledge of the allegations contained in paragraph 28 of the Complaint and therefore denies same and demands strict proof thereof.

29.     Defendant, YB, is without knowledge of the allegations contained in paragraph 29 of the Complaint and therefore denies same and demands strict proof thereof.

30.     Defendant, YB, is without knowledge of the allegations contained in paragraph 30 of the Complaint and therefore denies same and demands strict proof thereof.

**Dr. Romano and his Involvement in Multiple Circumvention Schemes**

31.     Defendant, YB, would admits so much of paragraph 31 of the Complaint as it alleges that Dr. John Romano is a chiropractor. Defendant, YB, is without knowledge of the rest of the allegations contained in paragraph 31 of the Complaint and therefore denies same and demands strict proof thereof.

32.     Defendant, YB, is without knowledge of the allegations contained in paragraph 32 of the Complaint and therefore denies same and demands strict proof thereof.

33.     Defendant, YB, is without knowledge of the allegations contained in paragraph 33 of the Complaint and therefore denies same and demands strict proof thereof.

34.     Defendant, YB, is without knowledge of the allegations contained in paragraph 34 of the Complaint and therefore denies same and demands strict proof thereof.

35.     Defendant, YB, is without knowledge of the allegations contained in paragraph 35 of the Complaint and therefore denies same and demands strict proof thereof.

This space left blank intentionally

**Dr. Romano Becomes Involved in Florida PIP Clinics**

36.     Defendant, YB, is without knowledge of the allegations contained in paragraph 36 of the Complaint and therefore denies same and demands strict proof thereof.

37.     Defendant, YB, is without knowledge of the allegations contained in paragraph 37 of the Complaint and therefore denies same and demands strict proof thereof.

38.     Defendant, YB, is without knowledge of the allegations contained in paragraph 38 of the Complaint and therefore denies same and demands strict proof thereof.

39.     Defendant, YB, is without knowledge of the allegations contained in paragraph 39 of the Complaint and therefore denies same and demands strict proof thereof.

40.     Defendant, YB, is without knowledge of the allegations contained in paragraph 40 of the Complaint and therefore denies same and demands strict proof thereof.

**Dr. Romano meets Marcos Padron who
orchestrates Dr. Romanos illegal ownership scheme**

41.     Defendant, YB, is without knowledge of the allegations contained in paragraph 41 of the Complaint and therefore denies same and demands strict proof thereof.

42.     Defendant, YB, is without knowledge of the allegations contained in paragraph 42 of the Complaint and therefore denies same and demands strict proof thereof.

43.     Defendant, YB, is without knowledge of the allegations contained in paragraph 43 of the Complaint and therefore denies same and demands strict proof thereof.

44.     Defendant, YB, would deny so much of paragraph 44 of the Complaint as it alleges that she met with Dr. Romano or had any conversation with him. Defendant, YB, is without knowledge of the rest of the allegation contained in paragraph 44 of the Complaint and demands strict proof thereof.

45.    Defendant, YB, denies the allegations contained in paragraph 45 of the Complaint and demands strict proof thereof.

46.    Defendant, YB, would deny so much of paragraph 46 of the Complaint as it alleges that she met with Dr. Romano or had any conversation with him. Defendant, YB, is without knowledge of the rest of the allegation contained in paragraph 46 of the Complaint and demands strict proof thereof. strict proof thereof.

47.    Defendant, YB, would deny so much of paragraph 47 of the Complaint as it alleges that Dr. Romano obtained a Statement of Understanding signed by her. Defendant, YB, is without knowledge of the rest of the allegation contained in paragraph 47 of the Complaint and demands strict proof thereof.

48.    Defendant, YB, denies the allegations contained in paragraph 48 of the Complaint and demands strict proof thereof.

49.    Defendant, YB, would deny so much of paragraph 49 of the Complaint as it alleges that she met with Dr. Romano or had any conversation with him. Defendant, YB, is without knowledge of the rest of the allegation contained in paragraph 49 of the Complaint and demands strict proof thereof. strict proof thereof.

50.    Defendant, YB, would deny so much of paragraph 50 of the Complaint as it alleges that she met with Dr. Romano or had any conversation with him. Defendant, YB, is without knowledge of the rest of the allegation contained in paragraph 50 of the Complaint and demands strict proof thereof. strict proof thereof.

51.    Defendant, YB, is without knowledge of the allegations contained in paragraph 51 of the Complaint and therefore denies same and demand strict proof thereof.

52.     Defendant, YB, would admits so much of paragraph 52 of the Complaint as it alleges that Dr. John Romano began to work at First Care in March 2008, she was a signatory in First Care's account at Bank of America account. Defendant, YB, denies she had unfettered access to First Care's bank account and demands strict proof thereof. Defendant, YB, is without knowledge of the rest of the allegations contained in paragraph 52 of the Complaint and therefore denies same and demands strict proof thereof.

53.     Defendant, YB, is without knowledge of the allegations contained in paragraph 53 of the Complaint and therefore denies same and demands strict proof thereof.

54.     Defendant, YB, would admits so much of paragraph 54 of the Complaint as it alleges that Dr. Romano did not speak Spanish and Padron was his translator. Defendant, YB, is without knowledge of the rest of the allegations contained in paragraph 54 of the Complaint and therefore denies same and demands strict proof thereof.

55.     Defendant, YB, is without knowledge of the allegations contained in paragraph 55 of the Complaint and therefore denies same and demands strict proof thereof.

56.     Defendant, YB, is without knowledge of the allegations contained in paragraph 56 of the Complaint and therefore denies same and demands strict proof thereof.

**Dr. Romano lacked the requisite indicia of ownership to "wholly own" First Care**

57.     Defendant, YB, would deny so much of paragraph 57 of the Complaint as it alleges that she ordered all of the medical supplies, did not required approval for expenditures. Defendant, YB, would admits so much of paragraph 57 of the Complaint as it alleges that Ruiz signed the checks for operating expenses. Defendant, YB, is without knowledge of the rest of the allegation contained in paragraph 57 of the Complaint and demands strict proof thereof. strict proof thereof.

58.     Defendant, YB, would deny so much of paragraph 58, of the Complaint as it alleges that she had complete access to the corporate bank account, and had unfettered access to use all financial assets of First Care. Defendant, YB, is without knowledge of the rest of the allegation contained in paragraph 58 of the Complaint and demands strict proof thereof.

59.     Defendant, YB, would admit so much of paragraph 59 of the Complaint as it alleges that Best Transportation is Noel Ruiz' company. Defendant, YB, is without knowledge of the rest of the allegation contained in paragraph 59 of the Complaint and demands strict proof thereof.

60.     Defendant, YB, is without knowledge of the allegations contained in paragraph 60 of the Complaint and therefore denies same and demands strict proof thereof.

61.     Defendant, YB, would deny so much of paragraph 61 of the Complaint as it alleges that she was in sole or any contact with the business accountants. Defendant, YB, is without knowledge of the rest of the allegation contained in paragraph 61 of the Complaint and demands strict proof thereof.

62.     Defendant, YB, would deny so much of paragraph 62 of the Complaint as it alleges that she handled the hiring and firing of employees at First Care. Defendant, YB, admits the rest of the allegation contained in paragraph 62 of the Complaint.

63.     Defendant, YB, is without knowledge of the allegations contained in paragraph 63 of the Complaint and therefore denies same and demands strict proof thereof.

64.     Defendant, YB, would deny so much of paragraph 64 of the Complaint as it alleges that she assigned all of First Care's accounts receivable to King of Billing or signed any document to do so. Defendant, YB, is without knowledge of the allegations contained in paragraph 64 of the Complaint and therefore denies same and demands strict proof thereof.

65.     Defendant, YB, would deny so much of paragraph 65 of the Complaint as it alleges that she controlled or had involvement in settlement agreements or PIP suits on behalf of First Care. Defendant, YB, is without knowledge of the allegations contained in paragraph 65 of the Complaint and therefore denies same and demands strict proof thereof.

**Dr. Romano was the purported whole owner of at least 9 different clinics at the same time**

66.     Defendant, YB, is without knowledge of the allegations contained in paragraph 66 of the Complaint and therefore denies same and demands strict proof thereof.

67.     Defendant, YB, would admits so much of paragraph 67 of the Complaint as it alleges Dr. Romano was a licensed chiropractor. Defendant, YB, is without knowledge of the allegations contained in paragraph 67 of the Complaint and therefore denies same and demands strict proof thereof.

68.     Defendant, YB, is without knowledge of the allegations contained in paragraph 68 of the Complaint and therefore denies same and demands strict proof thereof.

69.     Defendant, YB, is without knowledge of the allegations contained in paragraph 68 of the Complaint and therefore denies same and demands strict proof thereof.

**Affidavit of Reynier Roman**

70.     Defendant, YB, is without knowledge of any illegal activity or the rest of the allegations contained in paragraph 70 of the Complaint and therefore denies same and demands strict proof thereof.

71.     Defendant, YB, would admits so much of paragraph 71 of the Complaint as it alleges that Mr. Roman's affidavit is attached to the Complaint as Exhibit "A". Defendant, YB, is without knowledge of the allegations contained in paragraph 71 of the Complaint and therefore denies same

and demands strict proof thereof.

72.     Defendant, YB, is without knowledge of the allegations contained in paragraph 72 of the Complaint and therefore denies same and demands strict proof thereof.

73.     Defendant, YB, is without knowledge of the allegations contained in paragraph 73 of the Complaint and therefore denies same and demands strict proof thereof.

**Facts Specific to First Care's License Circumvention Scheme**

74.     Defendant, YB, denies the allegations contained in paragraph 74 of the Complaint and demands strict proof thereof.

75.     Defendant, YB, would admits so much of paragraph 75 of the Complaint as it alleges that she was present daily  at First Care, Ruiz signed substantially all of the checks drawn on First Care bank accounts. Defendant, YB, would deny so much of paragraph 75 as it alleges that she signed the assignments that purportedly assigned First Care's outstanding accounts receivables to King of Billing and that she was responsible for calculating and issuing payroll checks on behalf of First Care. Defendant, YB, is without knowledge of the allegations contained in paragraph 75 of the Complaint and therefore denies same and demands strict proof thereof.

76.     Defendant, YB, is without knowledge of any illegal activity or the rest of the allegations contained in paragraph 76 of the Complaint and therefore denies same and demands strict proof thereof.

77.     Defendant, YB, is without knowledge of the allegations contained in paragraph 77 of the Complaint and therefore denies same and demands strict proof thereof.

**None of the Services Rendered by First Care**
**Were "Lawfully Provided" as Required by Florida Law**

78.     Defendant, YB, would admits so much of paragraph 78 of the Complaint as it alleges

that First Care submitted bills for reimbursement to State Farm on CMS-1500 forms. Defendant, YB, is without knowledge of any unlawfull activity or the rest of the allegations contained in paragraph 78 of the Complaint and therefore denies same and demand strict proof thereof.

79.     Defendant, YB, is without knowledge of any illegal activity or the rest of the allegations contained in paragraph 79 of the Complaint and therefore denies same and demands strict proof thereof.

80.     Defendant, YB, would admits so much of paragraph 80 of the Complaint as it alleges that Dr. Romano's chiropractic license number was placed upon CMS-1500 forms. Defendant, YB, is without knowledge of any unlawfull activity or the rest of the allegations contained in paragraph 80 of the Complaint and therefore denies same and demand strict proof thereof.

81.     Defendant, YB, is without knowledge of the allegations contained in paragraph 81 of the Complaint and therefore denies same and demands strict proof thereof.

82.     Defendant, YB, is without knowledge of the allegations contained in paragraph 82 of the Complaint and therefore denies same and demands strict proof thereof.

83.     Defendant, YB, is without knowledge of any illegal activity or the rest of the allegations contained in paragraph 83 of the Complaint and therefore denies same and demands strict proof thereof.

84.     Defendant, YB, is without knowledge of the allegations contained in paragraph 84 of the Complaint and therefore denies same and demands strict proof thereof.

85.     Defendant, YB, is without knowledge of the allegations contained in paragraph 85 of the Complaint and therefore denies same and demands strict proof thereof.

86.     Defendant, YB, is without knowledge of the allegations contained in paragraph 86

of the Complaint and therefore denies same and demands strict proof thereof.

### Count I - Unjust Enrichment as to Defendants First Care, Ruiz, and YB

87.     Defendant, YB, would deny so much of paragraph 88 of the Complaint as it alleges that State Farm conferred a benefit by making payments directly or indirectly to her. Defendant, YB, is without knowledge of the allegations contained in paragraph 87 of the Complaint and therefore denies same and demands strict proof thereof.

88.     Defendant, YB, would deny so much of paragraph 89 of the Complaint as it alleges that she voluntarily accepted and retained these benefits from State Farm. Defendant, YB, is without knowledge of the allegations contained in paragraph 89 of the Complaint and therefore denies same and demands strict proof thereof.

89.     Defendant, YB, would deny so much of paragraph 90 of the Complaint as it alleges that she retained benefits from State Farm. Defendant, YB, is without knowledge of any illegal activity or the rest of the allegations contained in paragraph 90 of the Complaint and therefore denies same and demands strict proof thereof.

90     Defendant, YB, is without knowledge of the allegations contained in paragraph 91 of the Complaint and therefore denies same and demands strict proof thereof.

91     Defendant, YB, would deny so much of paragraph 92 of the Complaint as it alleges that she retained benefits from State Farm. Defendant, YB, is without knowledge of any misconduct or the rest of the allegations contained in paragraph 92 of the Complaint and therefore denies same and demands strict proof thereof.

### Count II - Declaratory Relief as to Defendants First Care and King of Billing

92.     This Count is not directed at Defendant, YB, who can't answer for the other

Defendants the allegations contained in paragraphs 94, 95, 96, 97, 98, 99 and 100 of the Complaint. However, denies any allegations that may relate to her and demands strict proof thereof.

### Count III - Conspiracy as to Padron, First Care, YB and Ruiz

93.      Defendant, YB, would deny so much of paragraph 102 of the Complaint as it alleges that she agreed, conspired, and collaborated with Padron, First Care and Ruiz to set up the unlawfull clinic arrangement described herein. Defendant, YB, is without knowledge of any misconduct or the rest of the allegations contained in paragraph 102 of the Complaint denies same and demands strict proof thereof.

94.      Defendant, YB, denies that allegations contained in paragraph 103, of the Complaint that her purpose was to engage in unlawfull activity, and demands strict proof thereof.

95.      Defendant, YB, denies the allegations contained in paragraph 104, of the Complaint and demands strict proof thereof.

96.      Defendant, YB, denies the allegations contained in paragraph 105, of the Complaint and demands strict proof thereof.

### Count IV - Unjust Enrichment as to King of Billing

97.      This Count is not directed at Defendant, YB, who can't answer for the other Defendants the allegations contained in paragraphs 107, 108, 109, 110, 111, and 112 of the Complaint. However, denies any allegations that may relate to her and demands strict proof thereof.

### Count V - Violation of Florida Deceptive and Unfair Trade Practices Act

98.      By way of answer to paragraph 114 of the Complaint Defendant, YB, admits she was engage in trade and commerce in the state of Florida.

99.      Defendant, YB, denies the allegations contained in paragraph 115, of the Complaint

and demands strict proof thereof.

100.    By way of answer to paragraph 116 of the Complaint Defendant, YB, denies she engaged in unfair, deceptive, and unconscionable acts or trade practices and demands strict proof thereof.

101.    By way of answer to paragraph 117 of the Complaint Defendant, YB, denies her conduct constitutes unfair methods of deception, unconscionable acts or practices and unfair or deceptive acts or practices in the conduct of trade or commerce and demands strict proof thereof.

102.    Defendant, YB, denies her conduct was as alleged in the paragraph 118 of the Complaint and demands strict proof thereof.

103.    Defendant, YB, denies she engaged in conduct violating FDUTPA as alleged in paragraph 119 of the Complaint and demands strict proof thereof.

104.    By way of answer to paragraph 120 of the Complaint Defendant, YB, denies she engaged in the acts and omissions described in the previous paragraph of this Count V, and the rest of the allegations contained in the paragraph and demands strict proof thereof.

105.    By way of answer to paragraph 121 of the Complaint Defendant, YB, denies she engaged in the acts and omissions described in the previous paragraph of this Count V, and the rest of the allegations contained in the paragraph and demands strict proof thereof.

106.    By way of answer to paragraph 122 of the Complaint Defendant, YB, denies she engaged the deceptive and unfair trade practices described in the previous paragraph of this Count V, and is without knowledge  of the rest allegations contained in the paragraph and demands strict proof thereof.

107.    Defendant, YB, is without knowledge of the allegations contained in paragraph 123

of the Complaint and therefore denies same and demand strict proof thereof.

 **WHEREFORE** Defendant, YB, having answered the Plaintiffs' Complaint, moves this court to enter judgment in Defendant's favor and against the Plaintiffs, including costs, attorney's fees and such other relief as this Court deems just and proper.

## <u>AFFIRMATIVE DEFENSES</u>

 108. Defendant, YB, by way of a first separate and distinct Affirmative Defense, would state that she remained employed by First Care as a massage therapist from February 2008 until March 2009. After March 2009 Defendant, YB, was not employed by First Care in any capacity.

 109. Defendant, YB, by way of a second separate and distinct Affirmative Defense, would state that the claims for unjust enrichment, conspiracy and FDUTPA against YB are barred by the applicable Florida statute of limitations.

 110. Defendant, YB, by way of a third separate and distinct Affirmative Defense, would state that claim for Unjust Enrichment (Count I) is barred because she did not receive a direct benefit from Plaintiffs.

 111. Defendant, YB, by way of a fourth separate and distinct Affirmative Defense, would state that Plaintiffs alleged a supposed conspiracy between employees and agents of First Care, agents and employees of the same corporation cannot legally conspire with one another.

 112. Defendant, YB, has retained the undersigned to represent her in this action and has agreed to pay the undersigned reasonable fees for his services.

 113. Defendant, YB, expressly reserve the right to amend her answer, add affirmative defenses as facts are developed through discovery and investigation continues.

114.    Pursuant to Federal Rule of Civil Procedure 38 (b), the Defendant, YB, demands a trial by jury.

**WHEREFORE** Defendant, YB, having answered the Plaintiffs' Complaint, moves this court to enter judgment in Defendant's favor and against the Plaintiffs, including costs, attorney's fees and such other relief as this Court deems just and proper.

**I HEREBY CERTIFY** that a true and correct copy hereof has been furnished this 10th day of September, 2015, to David Spector, Esq., David.spector@akerman.com, and Allison Bernstein, Esq., allison.bernstein@akerman.com, Attorneys for Plaintiffs, Mark A. Goldstein markgoldsteinattorney@gmail.com, Attorney for Defendant, Noel Ruiz, and to James Collins, Esq., filings.xjackmanlaw@gmail.com, Attorney for King of Billing.

Respectfully,

/s/ *Lazaro Lopez*

Lazaro J. Lopez, Esq.
Fla. Bar No. 978861
Attorney for Defendant, YB
Law Center at Brickell Bay
2333 Brickell Avenue, Ste. A-1
Miami , FL 33129
Tel: (305) 477-5933
lazaro@lopezattorney.com