UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 15-CV-21215-GAYLES/TURNOFF

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and STATE
FARM FIRE & CASUALTY COMPANY,

           Plaintiffs,
vs.

FIRST CARE SOLUTION, INC.; NOEL
RUIZ; YORYANA BALBUENA a/k/a
YORYANA HERNANDEZ; MARCOS
PADRON; AND THE KING OF BILLING
AND COLLECTION LLC d/b/a
INSURANCE RESOLUTION SERVICES, INC.

           Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company (collectively, "State Farm's") Motion for Attorneys' Fees **(ECF No. 188)**, and an Order of Referral entered by the Honorable Darrin P. Gayles. **(ECF No. 190)**. An evidentiary hearing on this matter took place before the undersigned on Monday, June 12, 2017. **(ECF No. 197)**. In support of its Motion, State Farm presented, argued, and provided testimony of its counsel, Bradley McPherson. Id.

Upon review of the Motion **(ECF No. 188)**, the Response **(ECF No. 192)**, the Reply **(ECF No. 193)**, the court file, hearing argument from counsel, the testimony presented, and being otherwise duly advised in the premises, the undersigned makes the following findings.

## Factual Background

This action was filed by State Farm on March 27, 2015. **(ECF No. 1)**. The named Defendants were Noel Ruiz ("Ruiz"), First Care Solution, Inc. ("First Care"), Yoryana Hernandez a/k/a Yoryana Balbuena ("Balbuena"), Marcos Padron ("Padron"), and the King of Billing and Collection, LLC d/b/a Insurance Resolution Services, Inc. ("King of Billing"). Id. By way of summary, State Farm alleged that Defendants acted together to violate Florida's clinic licensing requirements. Id. Specifically, State Farm alleged that Defendants violated the Motor Vehicle No-Fault Law,[1] Florida's Health Care Clinic Act,[2] and the Health Care Licensing Procedures Act.[3] Id.

By way of background, around May 15, 2007, Defendant Ruiz opened First Care as a health care clinic in Miami-Dade County, Florida. Pls.' Statement of Undisputed Material Facts ("Pls.' Statement") ¶ 1, 3 **(ECF No. 167)**. First Care provided treatment to individuals insured by State Farm who were allegedly involved in motor vehicle incidents. Id. ¶ 2. Thereafter, First Care would submit bills to State Farm in order to recover Personal Injury Protection ("PIP") benefits. Id. In order to give the appearance that First Care was legitimately owned by a licensed health care professional, Ruiz listed Balbuena[4] and later, Romano,[5] as a Director/Officer and Registered Agent of First Care on the company's records. Id. ¶ 3. By using Balbuena and Romano, Ruiz was able to illegally obtain a Certificate of Exemption from Licensure from Florida's Agency for

---

[1] Fla. Stat. § 627.730.

[2] Fla. Stat. § 400.990.

[3] Fla. Stat. § 408.801.

[4] At the time, Balbuena was a licensed massage therapist. **(ECF No. 167)**.

[5] At the time, Romano was a licensed chiropractor. Id.

2

Health Care Administration ("AHCA"). Id. ¶ 11. Despite his representations to the State of Florida, however, Ruiz was always, at all times, the sole owner of First Care. Id.

First Care continued submitting bills to State Farm from December 2007 to April 2010.[6] Id. ¶ 63. In total, State Farm paid First Care approximately $640, 655.06. Id. Eventually, State Farm uncovered the fraudulent scheme, and filed this action in order to recover the funds that were paid out.

## Procedural History

As indicated above, this action was filed in March 2015. The case was litigated for approximately one and a half years. Clerk's Defaults were entered against First Care and Padron. **(ECF Nos. 17, 33)**. Judge Gayles entered judgment against King of Billing **(ECF No. 162)**, and State Farm resolved its claims against Balbuena. **(ECF No. 185)**. Ruiz was the last remaining Defendant.

On January 26, 2017, Judge Gayles entered an Order granting State Farm's Motion for Summary Judgment against Ruiz. **(ECF No. 183)**. Final Judgment was entered against him on February 14, 2017, in the amount of $640,665.06. **(ECF No. 187)**. In doing so, Judge Gayles concluded that Balbuena and Romano were never true owners of First Care, and that it was Ruiz who controlled the entire operation. Specifically, Ruiz selected the office space and paid the administrative start up fees. **(ECF No. 183)**. Further, Ruiz retained and instructed First Care's accountants. Id. He also opened all bank accounts and signed off on First Care's tax returns. Id. He likewise maintained control over the premises, including the setting of the hours of operation. Id. In fact, it was Ruiz who funded the company, and purchased its equipment, furniture and computers. Id. In sum, the Court found that Ruiz was the one and only owner of First Care. Id. Consistent with these findings, the Court concluded that First Care was never appropriately licensed as required by

---

[6]Ruiz closed First Care in June 2010. Id. ¶ 1.

3

Florida law,[7] because, among other things, it failed to qualify for the "wholly owned" exemption.[8] Ruiz did not appeal the judgment. Following the entry of Judgment against Ruiz, State Farm filed the instant Motion seeking to recover its attorneys' fees.

## Analysis

As the prevailing party, State Farm seeks $724, 636.94 in attorneys' fees against Ruiz under Fla. Stat. § 501.2105 ("FDUTPA"), Federal Rule of Civil Procedure 54, and Local Rule 7.3. **(ECF No. 188)**. In support of its Motion, State Farm has submitted its billing statements and the affidavit of its counsel, Bradley McPherson. **(ECF No. 188, Ex. 1-2)**.

## Applicable Statute

The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.2105, provides:

(1)  In any civil litigation resulting from an act or practice involving a violation of this part,[9] except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, *may* receive his or her reasonable attorney's fees and costs from the nonprevailing party.

(2)  The attorney for the prevailing party shall submit a sworn affidavit of his or her time spent on the case and his or her costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case.

(3)  The trial judge *may* award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit.

---

[7] Florida's Health Care Clinic Act ("HCCA"), Fla. Stat. § 400.990 *et seq.*, mandates that all health care clinics be licenced by AHCA, unless the clinic qualifies for an exemption. Fla. Stat. § 400.991.

[8] An exemption from the HCCA's mandatory licencing requirements is available to a corporation that provides health care services that is wholly owned by one or more licensed health care practitioners. Fla. Stat. § 400.9905(4)(g).

[9] A prevailing party may recover fees for both FDUPTA and non-FDUPTA claims when all claims pertain to the same underlying facts. State Farm Mut. Auto Ins. Co. v. Med. Serv. Ctr. of Fla., No. 14-cv-20625-MOORE/MCALILEY, DE 139 at *3-4 (S.D. Fla. Nov. 13, 2015) (citing Covington v. Ariz. Beverage Co., LLC, 2011 WL 11796786, at *1, *3 (S.D. Fla. Aug. 25, 2011), adopted, DE 140)).

> (4) Any award of attorney's fees or costs shall become a part of the judgment and subject to execution as the law allows.

Fla. Stat. § 501.2105(1). (emphasis added).

However, as indicated above, an award is not mandatory. Courts have the ultimate discretion in determining whether to award attorneys' fees. JES Properties, Inc. v. USA Equestrian, Inc., 432 F. Supp. 2d 1283, 1291 (M.D. Fla. 2006). In exercising discretion to award fees and costs under FDUTPA, courts consider various factors, including: (1) the scope and history of litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions-including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless; (6) whether the defense raised a defense mainly to frustrate or stall; and (7) whether the claim brought was to resolve a significant legal question under FDUTPA law. Sodikart USA v. Geodis Wilson USA, Inc., 2014 WL 6968073, at *3 (S.D. Fla. Dec. 9, 2014) (citing Humane Soc. of Broward Cnty., Inc. v. Fla. Humane Soc., 951 So. 2d 966, 971-72 (Fla. 4th DCA 2007)). Applying these factors to the case at hand, the undersigned finds that the majority of the factors weigh in favor of State Farm, and as a matter of justice, a fee award is appropriate here.

In determining the amount to be awarded, courts may "consider whether the injury is divisible in order to determine whether it should apportion fees equally among defendants." United States v. Patrol Servs. Inc., 202 Fed. App'x 357, 362 (11th Cir. 2006) (citing Council for Periodical Distrib. Ass'ns v. Evans, 827 F.2d 1483, 1487 (11th Cir. 1987); see Evans 827 F.2d at 1488 (fees can be apportioned according to the "relative culpability of the various defendants")). In some instances, for example, it may be appropriate to apportion fees between an active instigator and a more passive co-defendant. Evans, 827 F.2d at 1486. If the apportionment is proper, courts should

attempt "to achieve the most fair and sensible solution as possible." Id. at 1487-88. To this end, the amount of time spent preparing the case against a particular defendant can be considered. Id. at 1488.

### Attorney's Fees Submitted by State Farm

As noted above, State Farm seeks $724,636.94 in attorneys' fees. **(ECF No. 188)**. The total amount represents 1844.2 hours at hourly rates ranging from $575.00 to $240.00, and 795.47 hours in paralegal time at hourly rates of $175.50 and $162.00. Id. Here, Ruiz does not object to the hourly rates requested. Instead, he objects only to the number of hours spent litigating the case. **(ECF No. 192)**. Specifically, Ruiz argues that State Farm and its counsel have previously litigated this same type of cause of action, and, therefore, "herculean efforts and prosecution" were not necessary. Id. Ruiz further argues that the amount requested is excessive, because it exceeds the amount of the judgment.

Alternatively, Ruiz suggests that the fees, if awarded, be apportioned among the other Defendants and non-Defendant Romano.[10] Id. Specifically, he argues that Romano and Balbuena were active participants in the fraud scheme, and that they should bear liability for the other two-thirds of the award. Id. In his view, at most, he should only be held liable for one-third of the total award. Id. Finally, Ruiz argues that he is unable to pay any amount awarded. Id. State Farm, on the other hand, argues that apportionment is inappropriate, because the legal basis for its entitlement to an award of attorneys' fees is the Court's Order granting summary judgment against Ruiz only. **(ECF No. 193)**. State Farm further argues that the Ruiz had the opportunity to join Dr. Romano, but chose not to. Id. Specifically, State Farm contends that the drafting of this type of complaint required

---

[10] Ruiz is referring to the Defendants named in the original action. Here, State Farm is only seeking an award of attorneys' fees from Ruiz.

a large amount of time in order to properly plead and describe the complicated fraud scheme. Id. State Farm further notes that this case involved heavy motion practice, depositions, subpoenas, and document reviews that were solely attributable to Ruiz and his failure to cooperate. Id. In sum, State Farm contends that Ruiz is to blame for the lion's share of litigation. Id.

## Lodestar Method

In order to determine a reasonable amount of attorneys' fees, courts use the lodestar method, in which the number of hours reasonably spent is multiplied by the reasonable hourly rate. See Norman v. Housing Auth. Of Montgomery, 836 F. 2d 1292, 1299 (11th Cir. 1988); Sarkis v. Allstate Ins. Co., 863 So. 2d 210, 214 (Fla. 2003). A reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Duckworthy v. Whisenant, 97 F. 3d 1393, 1396 (11th Cir. 1996). "[T]he court . . . is itself an expert on the question [of reasonableness] and may consider its own knowledge and experience without the aid of witnesses as to value." Eugene v. 3Don&Partner Estate Group, LLC, No. 07-80439-civ, 2009 WL 996016 at *1, *4 (S.D. Fla. April 14, 2009). As stated above, Ruiz does not contest the reasonableness of the requested hourly rate. Upon careful review, and based on its own experience, the Court agrees that the hourly rates submitted are reasonable. Having determined that the hourly rate is reasonable, the Court must determine the reasonableness of the amount of hours spent. Norman, 836 F.2d at 1302.

The moving party bears the burden of providing the court with sufficient records in order to properly evaluate the amount of time for each activity. Id. at 1303. Here, State Farm has met its preliminary burden by providing a detailed record of their activities, along with providing the affidavit of Bradley McPherson. **(ECF No. 188, Exhibit 1)**. In determining the amount of an

attorney award, however, the court itself is an expert on the issue of reasonableness.[11] In this connection, a court should exercise its own judgment in determining fees and must exclude "excessive, redundant or otherwise unnecessary hours." Id. at 1301.

Here, upon careful review, the undersigned finds that the hours requested are somewhat excessive given the short amount of time that the case was litigated. The undersigned has also considered that this was not the first case of its kind that State Farm has litigated. In fact, a few years ago, State Farm litigated a very similar case. State Farm Fire & Cas. Co. v. Silver Star Health & Rehab, 739 F.3d 579 (11th Cir. 2013). Further, although Ruiz was, by all accounts, the mastermind of the fraud scheme, Balbuena and Romano knew, and actively participated in, Ruiz's scheme. Their actions, no doubt, also served as a catalyst for this litigation.

In order "to achieve the most fair and sensible solution as possible,"[12] a court may consider the "relative culpability of the [other] defendants."[13] Toward this end, a court may reduce hours where it determines that a reduction is appropriate. St. Fleur v. City of Lauderdale, 149 F. App'x 849, 853 (11th Cir. 2005). In reducing fees, the court may conduct an hour-by-hour analysis or elect to reduce fees by using an across-the-board method to avoid "pick and shovel work." See Bivens v.Wrap It Up, Inc., 548 F.3d 1348, 1351 (11th Cir. 2008). A line-by-line analysis, or item by item reduction, is not necessary. Trujillo v. Banco Cent. del Ecuador, 229 F. Supp 1369, 1375 (S.D. Fla. 2002). For the reasons stated above, the undersigned concludes that justice requires a reduction of the fees submitted.

---

[11] Eugene v. 3Don&Partner Estate Group, LLC, No. 07-80439-civ, 2009 WL 996016 at *1, *4 (S.D. Fla. April 14, 2009).

[12] Council for Periodical Distrib. Ass'ns v. Evans, 827 F.2d 1483, 1487-88 (11th Cir. 1987).

[13] Id. at 1488.

8

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that State Farm be awarded 70% of the attorneys' fees it seeks to recover, to wit: **$ 507, 245.86**. Nothing in this Report and Recommendation should be interpreted to suggest that Balbuena and Romano are responsible for the payment of attorneys' fees. Those issues are not before this Court. The undersigned is simply noting that it has considered their involvement, along with the applicable law, and the totality of the circumstances in making this recommendation.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Darrin P. Gayles, United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Laconte v. Duggar, 847 F.2d 745 (11th Cir. 1998); *cert. denied*, 488 U.S. 958 (1998).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, this 5th day of July 2017.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:   Hon. Darrin P. Gayles
      Counsel of Record